IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

H. ROBERT MARQUETTE,

   Petitioner,      No. CIV S-08-0845 EFB P

  vs.

IVAN CLAY,

   Respondent.     ORDER

_____/

   Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to the consent of the parties. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

   Petitioner challenges a nine-year sentence imposed by the Shasta County Superior Court on the ground that he was forced by his attorney to plead guilty to charges of lewd and lascivious acts upon a child under the age of fourteen. Respondent moves to dismiss on the grounds that the claims are conclusory and the petition is fully unexhausted. The court agrees with respondent that petitioner's claims are conclusory in nature, as they are completely devoid of any factual support. *See* L.R. 190(e); Rule 2(c)(2), Rules Governing Section 2254 Cases. The court also finds that the petition is fully unexhausted. The petition must therefore be dismissed.

1

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3). Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).

According to respondent, a search of the California Supreme Court's website reveals that petitioner has not filed any actions in that court. Resp.'s Mot. to Dism. at 2. Petitioner concedes as much in his petition, as he answered "No" to the question "Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal." Dckt. No. 13 at 3. In his opposition, petitioner argues the merits of his claims and does not address the exhaustion issue.[1] Dckt. No. 24. The record shows that the instant petition is fully unexhausted and must therefore be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's May 19, 2009, motion to dismiss is granted;

2. Plaintiff's July 17, 2009 motion to transfer prisons is denied without prejudice to filing in a separate action; and

////

////

---

[1] With his opposition, plaintiff filed a motion to transfer prisons because "the food is deplorable," the officers are "offensive," and his "A.D.A. rights are continually violated." Dckt. No. 25. Should petitioner desire to challenge the conditions of his confinement, he must file a lawsuit under 42 U.S.C. § 1983 and/or the Americans with Disabilities Act. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

3. The Clerk is directed to close the case.

Dated: February 9, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3